Scott D. Cunningham (State Bar No.: 200413)
Email: scunningham@condonlaw.com
Jennifer J. Johnston (State Bar No.: 125737)
Email: jjohnston@condonlaw.com
Ivy L. Nowinski (State Bar No.: 268564)
Email: inowinski@condonlaw.com
Grace M. Lau (State Bar No." 312977)
Email: glau@condonlaw.com
CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030
Facsimile:  (310) 557-1299

Attorneys for Defendant
ALL NIPPON AIRWAYS CO., LTD.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASHLEY BUGARIN, on behalf of herself and all others similarly situated,<br><br>　　　　　　Plaintiff,<br><br>　　vs.<br><br>ALL NIPPON AIRWAYS CO., LTD.,<br><br>　　　　　　Defendant. | Case No. 5:20-cv-03341-BLF<br><br>**DEFENDANT ALL NIPPON AIRWAYS CO. LTD.'S NOTICE OF MOTION AND MOTION TO COMPEL ARBITRATION AND DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**<br><br>Date:　　　　August 12, 2021<br>Time:　　　　9:00 a.m.<br>Courtroom:　3 - 5th Floor<br>Judge:　　　Hon. Beth Labson Freeman<br><br>[Filed concurrently herewith Declaration of Grace M. Lau, Declaration of Peter Vazan, Request for Judicial Notice, and [Proposed] Order] |

PLEASE TAKE NOTICE that on August 12, 2021, at 9:00 a.m., in Courtroom 3, Fifth

Floor of the above captioned court, located at 280 South 1st Street, San Jose, California, 95113,

defendant All Nippon Airways Co., Ltd., (hereinafter referred to as "ANA"), by and through its

attorneys of record, Condon & Forsyth LLP, will move this Court for an order compelling

arbitration of the claims contained in Plaintiff Ashley Bugarin's (hereinafter referred to as

"Plaintiff") Second Amended Complaint ("SAC") against ANA pursuant to the Federal

1   Arbitration Act or, in the alternative, dismissal of the same pursuant to Rule 12(b)(6) of the

2   Federal Rules of Civil Procedure.

3        This motion will be based on this Notice of Motion, the Memorandum of Points and

4   Authorities below, the Request for Judicial Notice, the Declaration of Grace M. Lau, the

5   Declaration of Peter Vazan and any oral argument presented at the hearing of this motion.

6

7   Dated: March 5, 2021              CONDON & FORSYTH LLP

8

9                 By:/s/ Scott D. Cunningham

10                    SCOTT D. CUNNINGHAM
                 JENNIFER J. JOHNSTON

11                    IVY L. NOWINSKI
                 GRACE M. LAU

12                    Attorneys for Defendant
                 ALL NIPPON AIRWAYS CO., LTD.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ...............................................................................................ii-iv

INTRODUCTION ................................................................................................................1

STATEMENT OF ISSUES TO BE DECIDED ...................................................................2

STATEMENT OF RELEVANT FACTS .............................................................................2

    I.      Plaintiff's Ticketing and Interactions with ANA and ASAP................................2

    II.     Procedural History of Plaintiff's Claim ..............................................................3

    III.    ANA's Conditions of Carriage ...........................................................................4

    IV.   ASAP's Policies Pursuant to its Rules and Conditions and Relation to
           International Travel Network...............................................................................4

    V.     DOT Guidelines in Response to COVID-19 .......................................................5

LEGAL STANDARD............................................................................................................6

ARGUMENT .......................................................................................................................7

    I.      The Allegations in Plaintiff's SAC Require Arbitration of Her Claim
          against ANA........................................................................................................7

          A.     Plaintiff Had Inquiry Notice of ASAP's Rules and Conditions and Is
               Bound By Its Provisions Including the Arbitration Clause ........................7

          B.     The SAC Relies upon ASAP's Rules and Conditions to Demonstrate ANA
               Frustrated the Condition Precedent and, therefore, ANA May Enforce
               ASAP's Arbitration Provision ..................................................................9

    II.     As a Separate and Independent Basis for Dismissal, the SAC Must Be Dismissed
          Because It Does Not Plead Facts Sufficient to State a Claim for Relief
          Against ANA .....................................................................................................12

          I.     Plaintiff's Amended Allegations Concede ANA's COC Contain a
               Condition Precedent and Do Not Demonstrate She was Excused from
               Performing the Condition ........................................................................12

          II.     Plaintiff's Amended Allegations Concede She Was Offered a Refund
                from ASAP and that She Refused to Accept the Refund..........................15

          III.    ANA's Evidentiary Objections to Plaintiff's Exhibit B to the SAC...................17

CONCLUSION ..................................................................................................................19

1

**TABLE OF AUTHORITIES**

2

**Page(s)**

3

**Cases**

4

*A&M Records, Inc. v. Napster, Inc.*,
5
  No. C9905183MHP, 2000 WL 1170106 (N.D. Cal. Aug. 10, 2000) ..........................17, 18, 19

6
*Allen v. Shutterfly, Inc.*,
  No. 20-cv-02448 BLF, 2020 WL 5517172 (N.D. Cal. Sep. 14, 2020)....................................8
7

8
*Allied-Bruce Terminix Cos., Inc. v. Dobson*,
  513 U.S. 265 (1995)..........................................................................................................7

9
*Ashbey v. Archstone Prop. Mgmt. Inc.*,
10
  785 F. 3d 1320 (9th Cir. 2015) ........................................................................................7

11
*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009)...................................................................................................6, 14
12

13
*Binder v Aetna Life Ins. Co.*,
  75 Cal. App. 4th 832 (1999) .............................................................................................8

14
*Britton v. Co-op Banking* Group,
15
  4 F.3d 742 (9th Cir. 1993) ..............................................................................................10

16
*Caltex Plastics, Inc. v. Lockheed Martin Corp.*,
  824 F.3d 1156 (9th Cir. 2016) ........................................................................................12
17

18
*City of Hollister v. Monterey Ins. Co.*,
  165 Cal. App.4th 455 (Cal. Ct. App. 2008) ....................................................................14

19
*Dean Witter Reynolds, Inc. v. Byrd*,
20
  470 U.S. 213 (1985)...........................................................................................................7

21
*Epic Sys. Corp. v. Lewis*,
  138 S. Ct. 1612 (2018).......................................................................................................7

22
*FNBN Rescon I, LLC v. Citrus El Dorado, LLC*,
23
  725 F. App'x 448 (9th Cir. 2018) ....................................................................................14

24
*Goldman v. KPMG, LLP*,
  173 Cal. App. 4th 209 ......................................................................................................10
25

26
*Holl v. United Parcel Service, Inc.*,
  No. 16-cv-05856-HSG, 2017 WL 11520143 (N.D. Cal. Sep. 18, 2017)............................9

27
*Jones v. Jacobson*,
28
  195 Cal. App. 4th 1 (2011) .............................................................................................10

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

*Kramer v. Toyota Motor Corp.*,
  705 F.3d 1122 (9th Cir. 2013) ................................................................7, 10

*Louisiana Mun. Police Employees' Ret. Sys.*,
  829 F. 3d 1048 (9th Cir. 2016) ......................................................................7

*Luna v. Kemira Specialty, Inc*,
  575 F.Supp.2d 1166 (C.D. Cal. 2008) ........................................................12

*Maree v. Deutsche Lufthansa AG*,
  No. SACV 20-855-MWF, 2021 WL 267853 (C.D. Cal. Jan. 26, 2021) ...................8

*Mohamed v. Uber Technologies, Inc.*,
  109 F. Supp. 3d 1185 (N.D. Cal. 2015) ........................................................9

*Mundi v. Union Sec. Life Ins. Co.*,
  555 F.3d 1045 (9th Cir. 2009) ....................................................................10

*Needle v. Golden 1 Credit Union*,
  474 F. Supp. 3d 1097 (N.D. Cal. 2020) ........................................................8

*Nguyen v, Barnes & Noble Inc*,
  763 F.3d 1171 (9th Cir 2014) ...................................................................7, 8

*In re Pacific Fertility Center Litigation*,
  814 Fed. Appx. 206 (9th Cir. 2020)........................................................10, 11

*SEIU Local 121RN v. Los Robles Reg'l Med, Ctr.*,
  976 F. 3d 849 (9th Cir. 2020) ......................................................................7

*Simula Inc. v. Autoliv, Inc.*,
  175 F.3d 716 ............................................................................................12

*Somers v. Apple, Inc.*,
  729 F.3d 953 (9th Cir. 2013) ........................................................................6

**Statutes**

FED. R. CIV. P. 12(b)(6) (West 2021)......................................................1, 6, 12, 15

FED. R. EVID. 602 (West 2021)...............................................................................18

FED. R. EVID. 701 (West 2021)..............................................................17, 18, 19

9 U.S.C. § 2 (West 2021).................................................................2, 6, 7, 12

9 U.S.C. § 3 (West 2021).......................................................................................12

49 U.S.C. § 41712 (West 2021).............................................................................6

CAL. BUS. & PROF. CODE § 17550 (West 2021)..........................................5, 16

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

1

CAL. BUS. & PROF. §17550.14 (West 2021) .................................................................16

2

**Other Authorities**

3

14 CFR § 399.80(1) ...........................................................................................................6

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

## MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

This action is Plaintiff's putative class action based upon her claim that ANA failed to provide a refund for a flight canceled in response to the COVID-19 pandemic. ANA moves to compel arbitration or, in the alternative, to dismiss Plaintiff's Second Amended Complaint ("SAC") on the grounds that Plaintiff fails to state a claim for breach of contract.

This is ANA's second motion to dismiss Plaintiff's claims. In its Order granting ANA's Motion to Dismiss Plaintiff's First Amended Complaint, this Court held that Article 13 of ANA's Conditions of Carriage ("COC") required passengers to submit a request as a condition precedent to receipt of a refund and that Plaintiff's allegations were insufficient to show that ANA prevented her from performing the condition precedent. The Court granted Plaintiff leave to amend with respect to two narrow issues: (1) allege facts showing that Article 13 did not create a condition precedent; or (2) allege more particular facts demonstrating that her performance of the condition precedent was excused. The SAC fails to comply with the Court's order or to plead facts that, if proven, would establish a breach of contract. The SAC merely offers the same factual allegations as set forth in Plaintiff's prior pleadings buttressed by new conclusory statements to the effect that ANA frustrated Plaintiff's ability to perform the condition precedent. Accordingly, the SAC does not state a claim for relief against ANA pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and should be dismissed with prejudice.

As a separate and independent basis for dismissal, Plaintiff revealed for the first time in the SAC, which is her third pleading, that she contacted Asaptickets.com ("ASAP") in April 2020, and successfully requested a refund, but refused to accept the refund because she did not want to pay a processing fee that was, at all times, clearly stated in ASAP's Rules and Conditions. Instead, she opted to sue ANA despite the fact she purchased her tickets from ASAP. Plaintiff further alleges that this processing fee, which was applied by ASAP in accordance with its Rules and Conditions, was an attempt by ANA to "direct[ly] frustrat[e] the

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

1    condition precedent."  Since Plaintiff's claim against ANA is dependent on her frustration

2    defense, and her frustration defense is predicated upon the processing fee contained in ASAP's

3    Rules and Conditions, Plaintiff's claim against ANA relies upon and is intertwined with ASAP's

4    Rules and Conditions.  Therefore, pursuant to the doctrine of equitable estoppel, ANA may

5    invoke the arbitration provision in ASAP's Rules and Conditions which mandates binding

6    arbitration as the exclusive means of resolving claims involving a dispute arising out of ASAP's

7    services.  As such, Plaintiff's claim must be resolved by an arbitrator and should be dismissed

8    with prejudice.

### STATEMENT OF ISSUES TO BE DECIDED

10    The first issue to be decided by way of this motion is whether ANA can compel Plaintiff

11    to submit her breach of contract claim to arbitration pursuant to the Federal Arbitration Act.

12    The second issue to be decided by way of this motion is whether Plaintiff's amended

13    allegations are sufficient to excuse her performance of the condition precedent set forth in

14    ANA's Condition of Carriage.

### STATEMENT OF RELEVANT FACTS

**I.    Plaintiff's Ticketing and Interactions with ANA and ASAP.**

17    On or around November 2019, Plaintiff purchased passenger tickets through online travel

18    agent ASAP for ANA flights from San Jose, California, to Tokyo, Japan, on March 23, 2020,

19    and from Tokyo to San Francisco, California, on April 8, 2020.  (SAC, ECF No. 32, ¶ 25).

20    Plaintiff's departing flight was operated by ANA as scheduled.  (Order dated January 19, 2021,

21    ECF No. 31, p. 2, ll. 6-7).  On or around April 2020, Plaintiff's return flight from Tokyo to San

22    Francisco was canceled in response to the COVID-19 pandemic.  (SAC, ECF No. 32, ¶ 25).

23    Plaintiff alleges that thereafter, on or around April 2020, she called ASAP to request a refund

24    and was informed by ASAP that she was required to pay a $200 fee per ticket in order to procure

25    a refund.  *Id.* at ¶ 18.  At all times relevant to the SAC, ASAP's Rules and Conditions have

26    clearly stated that "if fare rules allow refunds and/or exchanges, a $250.00 ITN LLC fee will be

27    charged to process any refund."  *See Rules and Conditions of ASAP Tickets* ("ASAP Rules and

28

MOTION TO COMPEL ARBITRATION AND DISMISS
PLAINTIFF'S SECOND AMENDED COMPLAINT
CASE NO.: 5:20-cv-03341-BLF

Conditions"), Exh. 4 to Declaration of Peter Vazan ("Vazan Decl."); Exh. 4 to Declaration of Grace M. Lau ("Lau Decl."); Exh. 4 to Req. for Judicial Notice ("RJN")).  Plaintiff nevertheless refused the refund offered.  Instead, she called ANA "several times" to request a refund for the cancelled portion of her trip.  (SAC, ECF No. 32, ¶ 25).  Plaintiff alleges that she never spoke with an ANA representative because after waiting for 30-45 minutes each time, her calls dropped.  *Id*.  Plaintiff does not allege why the calls were "dropped" or that ANA was responsible for dropping her calls.  ANA has no record of Plaintiff requesting a refund through its website or ANA's customer service telephone line.  (Order dated January 19, 2021, ECF. No. 31, p. 6, ll. 25-26).

## II.   Procedural History of Plaintiff's Claim.

On May 15, 2020, Plaintiff filed a class action lawsuit against ANA, only, for: (1) unjust enrichment, (2) conversion, (3) breach of contract, (4) money had and received and (5) violation of California's Unfair Competition law.  ANA filed a motion to dismiss all claims on July 20, 2020.  In response to ANA's motion, Plaintiff filed her First Amended Complaint, which omitted many of her original claims and only alleged causes of action for breach of contract and rescission.  ANA subsequently filed a motion to dismiss Plaintiff's First Amended Complaint on August 17, 2020.  The motion contended, among other arguments, that: (1) ANA's Conditions of Carriage ("COC") required Plaintiff to request a refund, a condition precedent that Plaintiff did not perform and therefore she was not entitled to a refund; and (2) Plaintiff's state law rescission claim was preempted by the Airline Deregulation Act.  (*See generally* ANA's Motion to Dismiss the FAC, ECF No. 18).  Plaintiff opposed ANA's motion, arguing, in relevant part, that ANA frustrated Plaintiff's attempts to satisfy the condition precedent by placing her in "an endless hold loop."  (*See* Plaintiff's Opposition to ANA's Motion to Dismiss the FAC, ECF No. 25, p. 3).  The Court granted ANA's Motion in part, dismissed both causes of action and granted Plaintiff leave to amend the breach of contract cause of action only.  (Order dated January 19, 2021, ECF No. 31, p.23, ll.2-3).  In doing so, the Court held that ANA's COC created a condition precedent and that Plaintiff's allegations were insufficient to demonstrate that ANA

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

1   frustrated her performance of this condition precedent.  *Id.* at p.22, ll. 15-20.  The Court allowed

2   Plaintiff to amend her complaint to allege additional facts demonstrating that either ANA's COC

3   did not create a condition precedent to a refund or more particular facts supporting her claim that

4   her performance of the condition precedent was excused.  *Id.* at p.22, ll. 15-20.  Plaintiff filed her

5   SAC on February 5, 2021, with amended allegations regarding her contact with ASAP and ANA

6   in an attempt to support the breach of contract cause of action.

7   **III.   ANA's Conditions of Carriage.**

8          ANA's COC apply to any carriage of a passenger aboard an ANA flight, incidental

9   services to that carriage, or services provided by ANA at fares, rates and charges published in

10  connection with the COC.  (*See* ANA's Conditions of Carriage, Exh. A to SAC, ECF No. 32,

11  p.19).  ANA's refund policy is outlined in Articles 7 and 13 of the COC.  (*See* ANA's

12  Conditions of Carriage, Exh. A to SAC, ECF No. 32, pp. 23, 29).  Article 13(B)(1) states, "ANA

13  will make a refund to the person named in a Ticket or, to the person who purchased the Ticket

14  **upon presentation to ANA of satisfactory evidence** that he/she is entitled by these Conditions

15  of Carriage to such refund."  *Id.* (*emphasis added*).  Article 13(B)(3) elaborates: "ANA will

16  make a refund only if all unused Flight Coupons and a Passenger Coupon or Passenger Receipt

17  (or, in the case of an Electronic Ticket, the itinerary/Receipt) are surrendered to ANA."  *Id.*  This

18  Court has interpreted this Article as requiring a request as a condition precedent to receipt of a

19  refund.  (Order dated January 19, 2021, ECF No. 31, p. 22, ll. 15-20).

20         ASAP is not an authorized ticket agent of ANA.  (Order dated January 19, 2021, ECF

21  No. 31, p. 2, 6-7).  ANA does not have a contract with ASAP authorizing ASAP to sell tickets on

22  ANA's behalf.  *Id.*  There are no policies contained in the COC discussing tickets purchased

23  through unauthorized agents or refund policies for such tickets.  (*See* ANA's Conditions of

24  Carriage, Exh. A to SAC, ECF No. 32, pp. 17-35).

25  **IV.   ASAP's Policies Pursuant to its Rules and Conditions and Relation to International
         Travel Network.**

26

27         ASAP is an online ticket agency that purports to provide "cheap airline tickets

28  worldwide" and "the best flight deals that are not available online."  (*See What is ASAP Tickets?*

---

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

("ASAP About Page"), Exh. 1 to Vazan Decl., p. 1; Exh. 1 to Lau Decl., p.1; Exh. 1 to RJN, p.1).  At the bottom of all pages on ASAP's website is a hyperlink to ASAP's Rules and Conditions.  (*See* Vazan Decl. ¶ 8).  All customers of ASAP are advised that "if [they] continue to browse and use [the ASAP] website, [they] are agreeing to comply and be bound by the conditions of use."  (*See* ASAP Rules and Conditions, Exh. 4 to Vazan Decl., p. 1; Exh. 4 to Lau Decl., p.1; Exh. 4 to RJN, p.1).  Furthermore, when booking flights through ASAP, all users are directed to a webpage entitled "Review Details and Confirm Your Trip" which requires users to input billing information and check a mandatory box indicating they have read, understood and accepted "present Terms and Conditions."  (*See* Vazan Decl. ¶ 7; *Review Details and Confirm Your Trip* ("ASAP Booking Page")*, Exh. 3 to Vazan Decl.; Exh. 3 to Lau Decl.; Exh. 3 to RJN). The words "Terms and Condition" are **bolded**, <u>underlined</u> and <u>hyperlinked</u> to a pop-up box that restates the ASAP Rules and Conditions.  *Id.*

Included in the ASAP's Rules and Conditions is an arbitration provision that states plainly that the "exclusive means of resolving any dispute or claim arising out of or relating to this Agreement (including any alleged breach thereof), the Service or the Website shall be binding arbitration."  (*See* ASAP Rules and Conditions, Exh. 4 to Vazan Decl., p. 1); Exh. 4 to Lau Decl., p.1; Exh. 4 to RJN, p.1.  Regarding fare restrictions and rules, ASAP's Rules and Conditions state that "if fare rules allow refunds…a $250.00 ITN LLC fee will be charged to process any request."  *Id.* at p. 4.  "ITN LLC" is defined in the Rules and Conditions as International Travel Network, LLC.  *Id.* at p. 2.  International Travel Network, LLC ("ITN, LLC") is a travel-management consolidator and provider of travel and related services to consumers that does business as ASAP Tickets.  (*See* Vazan Decl., ¶ 3.; *see also Seller Details,* Exh. 2 to Vazan Decl.; Exh. 2 to Lau Decl.; Exh. 2 to RJN.)   Provided International Travel Network, LLC does business as a registered seller of travel, it is subject to regulations to California Business and Professions Code § 17550.  *Id.*

## V.    DOT Guidelines in Response to COVID-19.

On April 3, 2020, in response to a high volume of complaints regarding cancelled flights

1    as a result of COVID-19, the DOT released a Notice stating the Aviation Enforcement Office

2    would view any contract of carriage or airline policy that denied refunds to passengers following

3    cancellation of a flight as a violation of the carrier's obligation that could be subject to an

4    enforcement action.  (*See Enforcement Notice Regarding Refunds by Carriers Given the*

5    *Unprecedented Impact of the COVID-19 Public Health Emergency on Air Travel* ("DOT

6    Notice");  Exh. 5 to Lau Decl., p. 2; Exh. 5 to RJN, p.1).

7         On May 12, 2020, the DOT clarified its views in its published Frequently Asked

8    Questions, which stated that the Aviation Enforcement Office would focus its enforcement

9    actions on instances where carriers disregarded the requirement to offer refunds, failed to honor

10   their refund policies, or their refund policies were deemed "unfair or deceptive" under 49 U.S.C.

11   § 41712. *See Frequently Asked Questions Regarding Airline Ticket Refunds Given the*

12   *Unprecedented Impact of the COVID-19 Public Health Emergency on Air Travel* ("FAQs"),

13   Exh. 6 to Lau Decl., p. 2, No. 1); Exh. 6 to RJN, p.2, No. 1).  The DOT also clarified that where

14   passengers purchased airline tickets from online travel agencies, such agencies were required to

15   make the proper refunds if flight service could not be performed as contracted pursuant to 14

16   CFR § 399.80(1).  (FAQs, Exh. 6 to Lau Decl., p. 2, No. 3; Exh. 6 to RJN, p. 2 No. 3).

**LEGAL STANDARD**

18        ANA brings this motion pursuant to Rule 12(b)(6) of the Federal Rules of Civil

19   Procedure and the Federal Arbitration Act ("FAA").  To survive a motion to dismiss under Rule

20   12(b)(6), a complaint must "contain sufficient factual matter, accepted as true, to state a claim to

21   relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "Threadbare

22   recitals of the elements of a cause of action, supported by mere conclusory statements, do not

23   suffice." *Id.* at 679.  A complaint's allegations must make relief plausible, not merely

24   conceivable, when taken as true. *Somers v. Apple, Inc.*, 729 F.3d 953, 960 (9th Cir. 2013).

25   Allegations "that are merely consistent with a defendant's liability, [stop] short of the line

26   between possibility and plausibility of entitlement to relief," and thus are inadequate. *Id.*  When

27   evaluating a Rule 12(b)(6) motion, courts are limited to the allegations of the complaint,

28

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

1   documents incorporated by reference and matters which are subject to judicial notice.  *Louisiana*

2   *Mun. Police Employees' Ret. Sys.*, 829 F. 3d 1048, 1063 (9th Cir. 2016).

3     Congress in enacting the Federal Arbitration Act directed courts to treat arbitration

4   agreements as "valid, irrevocable, and enforceable."  *See Epic Sys. Corp. v. Lewis,* 138 S. Ct.

5   1612, 1621 (2018) (*citing* 9 U.S.C. § 2).  The FAA establishes "a liberal federal policy favoring

6   arbitration agreements" and the "fundamental principle that arbitration is a matter of contract."

7   *Kramer v. Toyota Motor Corp.*, 705 F.3d 1122, 1126 (9th Cir. 2013).  The party moving to

8   compel arbitration bears the burden of demonstrating the existence of an arbitration agreement

9   by a preponderance of the evidence.  *Ashbey v. Archstone Prop. Mgmt. Inc.,* 785 F. 3d 1320,

10   1323 (9th Cir. 2015).

11            **ARGUMENT**

12   **I. The Allegations in Plaintiff's SAC Require Arbitration of Her Claim against ANA.**

13     Plaintiff's claim should be dismissed with prejudice pursuant to her binding arbitration

14   agreement with ASAP.  Plaintiff, in purchasing her tickets through ASAP, agreed to resolve

15   claims regarding any disputes "arising out of or relating to this Agreement (including any alleged

16   breach thereof), the Service, or the Website" exclusively through binding arbitration.  (*See* ASAP

17   Rules and Conditions, Exh. 4 to Vazan Decl., p. 1; Exh. 4 to Lau Decl., p.1; Exh. 4 to RJN, p.1).

18   The Federal Arbitration Act ("FAA") provides that written agreements to arbitrate "shall be

19   valid, irrevocable, and enforceable."  9 U.S.C. § 2.  As such, Plaintiff must submit her claim to

20   individual arbitration.  *See, e.g., Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985);

21   *Allied-Bruce Terminix Cos., Inc. v. Dobson*, 513 U.S. 265, 273 (1995).

22     **A. Plaintiff Had Inquiry Notice of ASAP's Rules and Conditions and Is Bound**
    **By Its Provisions Including the Arbitration Clause.**

23

24     It is the court's duty to interpret an agreement and determine whether the parties intended

25   to arbitrate grievances concerning a particular matter.  *See SEIU Local 121RN v. Los Robles*

26   *Reg'l Med, Ctr.*, 976 F. 3d 849, 855 (9th Cir. 2020).  In determining whether a valid arbitration

27   exists, courts apply ordinary state law principles that govern the formation of contracts.  *Nguyen*

28   *v, Barnes & Noble Inc*, 763 F. 3d 1171, 1175 (9th Cir 2014)  Under California law, contract

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

1    formation requires mutual assent.  *See Binder v Aetna Life Ins. Co.,* 75 Cal. App. 4th 832, 850

2    (1999).   In the context of online consumer agreements or transactions, mutual assent frequently

3    turns on whether the consumer had reasonable notice of a merchant's terms of service

4    agreement.  *Needle v. Golden 1 Credit Union*, 474 F. Supp. 3d 1097, 1103 (N.D. Cal. 2020).

5    Online agreements are typically executed in one of three forms: (1) clickwrap agreements, in

6    which website users are required to click on an "I agree" box after being presented with a list of

7    terms and conditions of use; (2)  browserwrap agreements, where a website's terms and

8    conditions of use are generally posted on the website via a hyperlink at the bottom of the screen,

9    and (3) hybrid "sign-up" agreements, in which a user signs up to use an internet product or

10    service and the signup screen states that acceptance of a separate agreement is required before

11    the user can access the service.  *See Allen v. Shutterfly, Inc.,* No. 20-cv-02448 BLF, 2020 WL

12    5517172 at *6 (N.D. Cal. Sep. 14, 2020).

13           Regardless of the type of online contract, if "there is no evidence that the website user

14    had actual knowledge of the agreement," its enforceability "turns on whether the website puts a

15    reasonably prudent user on inquiry notice of the terms of the contract."  *Nguyen*, 763 F, 3d at

16    1177.  To determine whether a user has inquiry notice of the contract terms, courts assess "the

17    design and content of the website and the agreement's webpage."  *Id.*  In *Maree v. Deutsche*

18    *Lufthansa AG*, another COVID-19 class action lawsuit brought against an airline for the airline's

19    alleged failure to provide a refund, defendant Lufthansa similarly sought to enforce

20    Expedia.com's Terms of Use.  *Maree v. Deutsche Lufthansa AG*, No. SACV 20-855-MWF

21    (MRWx), 2021 WL 267853 (C.D. Cal. Jan. 26, 2021).  There, the court held that the plaintiff did

22    not have inquiry notice of Expedia.com's Terms of Use because the hyperlink to the terms was

23    "not highlighted, underlined, in all capital letters, or displayed inside of a conspicuous clickable

24    box."  *Id*. at *3.  The *Maree* court further noted that the hyperlink was difficult to distinguish

25    because it "appear[ed] on a cluttered page nestled between several lines of extraneous, colored

26    and bolded text." *Id.* at *4.

27           This case is distinguishable.  Here, ASAP has a browserwrap agreement in the form of

28

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

the hyperlink found at the bottom of all ASAP webpages leading users to its Rules and Conditions.  (*See* Vazan Decl. ¶ 8).  In addition, Plaintiff and all users who purchase tickets through ASAP are also subject to a hybrid clickwrap agreement on the ASAP Booking Page which, unlike Expedia.com, requires them to affirmatively check a box indicating they read, understood and accepted ASAP's Rules and Conditions before they can purchase tickets.  (*See* ASAP Booking Page,  Exh. 3 to Vazan Decl., p. 8, Exh. 3 to Lau Decl., p. 8; Exh. 3 to RJN, p. 8).  Users cannot pay for their tickets without checking this box.  (Vazan Decl. ¶ 7).  Unlike Expedia.com, this agreement is not embedded in the middle of text but rather, is placed at the bottom of the page, right above a button that reads "Pay Securely Now" and is in a light blue box that distinguishes it from all other sections on the webpage.  (*See* ASAP Booking Page*,* Exh. 3 to Vazan Decl., p. 8, Exh. 3 to Lau Decl., p. 8; Exh. 3 to RJN, p. 8).  The hyperlink to the pop-up box containing the Rules and Conditions is in blue font, **bolded** and <u>underlined</u>.  *Id.*

Where situations resemble clickwrap agreements and "an offeree receives an opportunity to review terms and conditions and must affirmatively indicate assent" to the conditions, users have had adequate notice of the contract terms even if the user had not actually clicked the link or otherwise read the terms.  *Mohamed v. Uber Technologies, Inc.*, 109 F. Supp. 3d 1185, 1197 (N.D. Cal. 2015); *see also Holl v. United Parcel Service, Inc.*, No. 16-cv-05856-HSG, 2017 WL 11520143 at *5 (N.D. Cal. Sep. 18, 2017).  Here, the agreement to ASAP's Rules and Conditions are visually distinguishable from the remainder of the webpage, clearly denotes a hyperlink to the text of the Rules and Conditions and requires affirmative action on the part of the user by checking the box to accept ASAP's terms.  (*See* ASAP Booking Page*,* Exh. 3 to Vazan Decl., p. 8; Exh. 3 to Lau Decl., p. 8; Exh. 3 to RJN, p. 8).  Regardless of whether Plaintiff read these terms, she was provided sufficient inquiry notice and as such is subject to the terms of ASAP's Rules and Conditions including its arbitration provision.

**B.      The SAC Relies upon ASAP's Rules and Conditions to Demonstrate ANA Frustrated the Condition Precedent and, therefore, ANA May Enforce ASAP's Arbitration Provision.**

The right to compel arbitration stems from a contractual right which generally may not be

---

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

1  invoked by one who is not a party to the agreement.  *Britton v. Co-op Banking* Group, 4 F.3d

2  742, 744 (9th Cir. 1993).  However, the Ninth Circuit has recognized that under principles of

3  equitable estoppel a non-signatory may compel a signatory to a contract to arbitrate.  *Mundi v.*

4  *Union Sec. Life Ins. Co.*, 555 F.3d 1045-1047 (9th Cir. 2009).  Under equitable estoppel, a

5  signatory to an agreement may be precluded from "claiming the benefits of a contract while

6  simultaneous attempting to avoid the burden that contract imposes."  *Id; see also Goldman v.*

7  *KPMG, LLP*, 173 Cal. App. 4th 209. 220 (2009); *Mundi*, 555 F.3d  at 1046; *Kramer*, 705 F.3d at

8  1128.  In this context, equitable estoppel may be used to "prevent a party from using the terms or

9  obligations of an agreement for its basis against a non-signatory while at the same time refusing

10  to arbitrate with the non-signatory under another clause of the same agreement."  *Kramer,* 705

11  F.3d at 1129 (quoting *Jones v. Jacobson*, 195 Cal. App. 4th 1, 20 (2011)).  The Ninth Circuit has

12  applied equitable estoppel to compel arbitration in two circumstances: (1) when a signatory must

13  rely on the terms of the written agreement in asserting its claims against the non-signatory, and

14  (2) when the signatory alleges substantially interdependent and concerted misconduct by non-

15  signatory and another signatory and "the allegations of interdependent misconduct [are] founded

16  in or intimately connected with the obligations of the underlying agreement."  *Id.* at 1128-1129.

17  When examining whether facts in a complaint rely on terms, duties and obligations in the

18  contract containing the arbitration provision, courts consider whether the allegations are "in any

19  way **founded in or bound up** with the terms or obligations" in the contract.  *In re Pacific*

20  *Fertility Center Litigation,* 814 Fed. Appx. 206, 209 (9th Cir. 2020) *(citing Goldman*, 173 Cal.

21  App. 4th at 230) *(emphasis added)*.  Put differently, if the claims are "fully viable without

22  reference to the terms of the contract, equitable estoppel does not apply." *Id.*

23          Here, ANA is entitled to enforce Plaintiff's commitments to arbitrate under ASAP's

24  Rules and Conditions because the SAC relies on her contractual relationship with ASAP as set

25  forth in ASAP's Rules and Conditions in order to support her claim against ANA.  Pursuant to

26  the Court's Order, Plaintiff was granted leave to amend the FAC to either provide additional

27  facts demonstrating that ANA's Conditions of Carriage did not include a condition precedent or

28

1    include additional allegations demonstrating she was excused from performing the condition

2    precedent.  (Order dated January 19, 2021, ECF No. 31, p.22, ll. 15-20).  The SAC seemingly

3    concedes that the Conditions of Carriage contains a condition precedent and instead "doubled

4    down" on the allegations supporting Plaintiff's claim that she was prevented from performing the

5    condition because ANA frustrated the condition precedent.  (*See* SAC. ECF No. 32, ¶¶ 16-21,

6    46, 50).  Specifically, Plaintiff alleges:

7           After reaching a[n ASAP] representative, Plaintiff was informed that she would
            have to pay $200 per ticket in order procure a refund from All Nippon.  That is
8           not part of the agreement with All Nippon and is **direct frustration of the
            condition precedent.**"
9

10   *Id*. at ¶ 18 (*emphasis added*).

11          This paragraph clearly states ASAP's contractual requirements directly frustrated

12   Plaintiff's ability to comply with the condition precedent as set forth in the COC.  *Id*.  Plaintiff

13   agreed to be bound by ASAP's Rules and Conditions when she used ASAP to purchase her ANA

14   flights and its terms explicitly include this processing fee as a contractual term for the issuance of

15   a refund.  (*See* ASAP's Rules and Conditions, Exh. 4 to Vazan Decl., p. 4; Exh. 4 to Lau Decl.,

16   p. 4; Exh. 4 to RJN, p. 4).  Absent Plaintiff's agreement regarding the processing fee, the SAC is

17   not viable as it is otherwise devoid of new factual allegations that demonstrate that ANA

18   frustrated Plaintiff's ability to perform the condition precedent to a refund.  Plaintiff's assertion

19   that she was excused from performance due to ANA's frustration of the condition precedent is

20   therefore "bound up with" the processing fee provision in ASAP's Rules and Conditions to

21   warrant equitable estoppel and ANA should be permitted to compel arbitration in compliance

22   with ASAP's Rules and Conditions.  *See In re Pacific Fertility Center Litigation,* 814 Fed. Appx.

23   at 209 (9th Cir. 2020).  Since Plaintiff's contention that she does not need to pay a processing fee

24   to receive a refund is a dispute that relates to a specific provision in ASAP's Rules and

25   Conditions, this matter should be submitted to arbitration pursuant to ASAP's terms.  (*See*

26   ASAP's Rules and Conditions, Exh. 4 to Vazan Decl., p. 1; Exh. 4 to Lau Decl., p. 1; Exh. 4 to

27   RJN, p. 1).

28

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

Because Plaintiff is required to arbitrate her claims against ANA, this Court should dismiss the SAC.  Although the Federal Arbitration Act provides by its terms for a "stay [of] the trial of the action until such arbitration has been had in accordance with the terms of the agreement,"  9 U.S.C. § 3, the Court has discretion to dismiss under Rule 12(b)(6) if it finds that all of the claims before it are arbitrable.  *Luna v. Kemira Specialty, Inc,* 575 F.Supp.2d 1166, 1178 (C.D. Cal. 2008); *see also Simula Inc. v. Autoliv, Inc.,* 175 F.3d 716. 726 (9th Cir. 1999).  Here, because Plaintiff's frustration defense is crucial to the survival of her breach of contract claim and is based on a disputed provision in ASAP's Rules and Conditions, Plaintiff's claim must be submitted to arbitration.  Accordingly, dismissal is appropriate.  At a minimum, however, this Court should stay the proceeding pending resolution of the arbitration.

## II.   As a Separate and Independent Basis for Dismissal, the SAC Must Be Dismissed Because It Does Not Plead Facts Sufficient to State a Claim for Relief Against ANA.

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, dismissal is proper where a complaint fails to allege sufficient facts "to support a cognizable legal theory."  *Caltex Plastics, Inc. v. Lockheed Martin Corp*., 824 F.3d 1156, 1159 (9th Cir. 2016).  The SAC fails to provide additional facts supporting Plaintiff's contention that ANA intentionally prevented her from performing the condition precedent.  Instead, the SAC alleges the same facts regarding ANA's actions couched in legal conclusions.  The only new facts alleged in the SAC address Plaintiff's interactions with ASAP and only demonstrate that Plaintiff agreed to ASAP's Rules and Conditions then, rather than following ASAP's Rules and Conditions to receive a refund, she rejected ASAP's offer.  None of these new allegations indicate ANA took any action to frustrate Plaintiff's performance of the condition precedent and, therefore, the SAC fails to plead facts sufficient to state a claim of relief against ANA and must be dismissed.

### A.   Plaintiff's Amended Allegations Concede ANA's COC Contain a Condition Precedent and Do Not Demonstrate She was Excused from Performing the Condition.

The SAC fails to address the issues identified by the Court in its Order dismissing the FAC.  In the Court's Order dismissing the FAC, the Court held, in relevant part, that:

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

> ANA's motion to dismiss Claim 1 for failure to state a claim is GRANTED WITH LEAVE TO AMEND. On amendment, Bugarin may attempt to allege facts showing that Section 13(B) does not create a condition precedent to refund. For the reasons discussed above, it is the Court's view that the language in question does appear to create a condition precedent. However, as Bugarin has not previously addressed the language in her pleading, it may be that she can allege facts showing the contrary. To the extent Bugarin claims that her performance of any condition precedent was excused, she shall allege facts supporting that claim with more particularity.

Order dated January 19, 2021, ECF No. 31, p.22, ll. 14-20.

Thus, the Court granted Plaintiff leave to amend with respect to two narrow issues: (1) to allege facts showing that Section 13(B) does not create a condition precedent to a refund, or (2) if it does create a condition precedent, allege facts with more particularity that would support her claim that performance of any condition precedent was excused.  *Id*.  The SAC did not allege any facts demonstrating that Section 13(B) of the COC does not create a condition precedent to a refund.  (*See generally*  SAC, ECF No. 32).  Quite the opposite, the SAC concedes that Section 13(b) is, in fact, a condition precedent to the issue of a refund.  *Id.* at ¶¶ 16-17.  Instead, the SAC attempted to "beef up" the allegations that Plaintiff's performance of the condition precedent was excused.  *Id.* at ¶¶ 46, 17-21.

In the FAC, Plaintiff alleged she called ANA several times to request a refund and was on the phone several hours each time but was never able to reach a representative.  (*See* FAC, ECF No. 15, ¶ 19).  The Court found such allegations insufficient to support a finding that Plaintiff was excused from performing the condition precedent set forth in ANA's COC.  (Order dated January 19, 2021, ECF No. 31, p. 22, ll. 6-13).  The SAC did little to expand these allegations and instead provided conclusory statements in support of Plaintiff's legal theory that ANA frustrated the condition precedent by requiring her to hold for "30-45 minutes."  (SAC, ECF No. 32, ¶ 20).  Instead, the SAC  makes the same factual allegations that appeared in the FAC, albeit slightly rephrased.  The SAC alleges: "extensive hold times, and dropped calls (after extensive hold times)" created an "unnecessary bottleneck [that] was designed to prevent issuing refunds.  The only difference between these allegations and those in the FAC alleging an" "endless holding pattern of Defendant's design," "endless hold loop," "multiple hours-long

1   holding pattern" is semantics.  (*See* SAC, ECF No. 32, ¶ 21; *see also* Opp to Motion to Dismiss,

2   ECF No. 25, p. 9, l. 8; p. 10, l. 12;  p. 13, l. 2).

3       Courts are not bound to accept as true allegations that are legal conclusions even if cast in

4   the form of factual allegations.  *See Ashcroft v. Iqbal*, 556 U.S. at 681.  The SAC's conclusory

5   summation that ANA's alleged "unnecessary bottleneck" prevented the issue of refunds is a

6   mere restatement of California law on the prevention doctrine without any basis in factual

7   allegations.  *See FNBN Rescon I, LLC v. Citrus El Dorado, LLC,* 725  F. App'x 448,451 (9th Cir.

8   2018); *City of Hollister v. Monterey Ins. Co.,* 165 Cal. App.4th 455, 490 (Cal. Ct. App. 2008).

9   The only factual allegations supporting this statement are substantially similar to the statements

10  this Court deemed insufficient before; however, rather than being on hold for "several hours each

11  time," in the SAC, Plaintiff alleged she was actually only on hold for 30-45 minutes.  (*See* FAC,

12  ECF No. 15, ¶ 19; SAC, ECF No. 32, ¶ 20).  If Plaintiff's allegations that she was kept on hold

13  for "several hours" did not pass muster to properly allege frustration of the contractual terms,

14  surely Plaintiff's new allegation that she was only on hold for "30-45 minutes" before her call

15  was "dropped" does not pass muster.

16      To the extent the SAC attempts to assert that ANA's automated phone operator system

17  includes messages "partially in Japanese," as Plaintiff has pleaded in her SAC, ANA is a

18  Japanese company.  The SAC does not include any allegation that this was done intentionally to

19  thwart Plaintiff's attempts to request a refund or that she was unable to understand the messaging

20  system at all – in fact, the SAC alleges that the recording was only "partially" in Japanese.  (*See*

21  SAC, ECF No. 32, ¶ 21).  As the SAC notes, ANA is "the largest airline in Japan by revenue and

22  passenger numbers," is organized under the laws of Japan, and has its headquarters in Japan.

23  (*See* SAC, ECF No. 32, ¶ 26).  A messaging system partially in English and partially in Japanese

24  would be expected of a Japanese airline with many Japanese-speaking passengers.

25      Taken together, Plaintiff's amendments equate to slight rephrasing and unsupported legal

26  conclusions couched as factual allegations.  The few additional factual allegations included in the

27  SAC do not demonstrate that Plaintiff submitted a request to ANA, what actions ANA allegedly

28

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

took to prevent Plaintiff from performing the condition or otherwise excuse Plaintiff's nonperformance.  The SAC fails to meet the requirements set out in the Court's Order dismissing the FAC or to state a claim for relief against ANA.  Accordingly, it should be dismissed in its entirety pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

### B.   Plaintiff's Amended Allegations Concede She Was Offered a Refund from ASAP and that She Refused to Accept the Refund.

Although this is Plaintiff's third attempt at pleading her claim, this is the first time that she has alleged that she contacted the travel agent from whom she purchased her ticket, ASAP, in April 2020, and was actually offered a refund but refused the refund because of an associated ASAP fee imposed by ASAP.  (*See* SAC, ECF No. 32, ¶ 18).  It has been almost ten months since Plaintiff filed her original complaint.  The tardiness of this allegation suggests that Plaintiff has not been intellectually honest with ANA and the Court.  The gravamen of Plaintiff's claim, and the purported class, is that she was not offered a refund for her cancelled flight.  However, Plaintiff now admits that this is actually false.

It is undisputed that Plaintiff purchased her ticket through ASAP.  (SAC, ECF No. 32, ¶ 9; Bugarin Decl., Exh. B to SAC, ECF No. 32, ¶ 2; Order dated January 19, 2021, ECF No. 31, p. 2, l. 5).  ASAP touts itself as a travel agency that specializes in "cheap airline tickets" and "providing the best flight deals that are not available online."  (*See* ASAP About Page; Exh. 1 to Vazan Decl., p. 1; Exh. 1 to Lau Decl., p. 1; Exh. 1 to RJN, p. 1).  ASAP is not an authorized ticket agent of ANA and does not have a contractual relationship with ANA.  (Order dated January 19, 2021, ECF No. 31, p. 2, ll. 6-7).  Nevertheless, likely because of the low fares offered by ASAP, Plaintiff elected to purchase her flights from ASAP rather than from ANA directly.  Because Plaintiff contracted with ASAP when she purchased her ticket, she is bound by the Rules and Conditions of ASAP Tickets.  (*See* ASAP Rules and Conditions; Exh. 4 to Vazan Decl., p. 1; Exh. 4 to Lau Decl., p. 1; Exh. 4 to RJN, p. 1).  Notably, the SAC does not dispute that ASAP's conditions apply.  One of ASAP's conditions states, in pertinent part, as follows:

> If fare rules allow refunds and/or exchanges, a $250.00 ITN LLC fee will be charged to process any refund and/or exchange request. This fee will be collected in addition to the penalties charged directly by the airline and/or recalled by the

1   airline from ITN LLC.

2   *Id*. at p. 4, General Rules and Conditions, Fare Restrictions and Rules, 1. Cancellations and

3   Refunds.

4   Under the terms of the COC, ANA fare rules allow for a refund here.  (ANA's Conditions

5   of Carriage, Exh. A to SAC, pp. 29-30).  However, the refund is subject to a fee of "$200 per

6   ticket in order to procure a refund" charged by ASAP.  (Bugarin decl., Exh. B to SAC, p.1, ¶4, ll.

7   16-18).  The discrepancy between the alleged $200 fee in the SAC and the "$250 ITN LLC fee"

8   in ASAP's Rules and Conditions appears to indicate that either the ITN LLC fee increased from

9   $200 when Plaintiff purchased her ticket in November 2019 to $250, or that Plaintiff was

10  misinformed regarding the fee amount.  Regardless of the fee amount, it is uncontested that

11  Plaintiff's Declaration and ASAP's Rules and Conditions evidence that ASAP requires

12  passengers to pay a fee when seeking a refund or exchange.

13  ITN, LLC is International Travel Network, a travel-management consolidator and seller

14  of travel that does business as ASAP Tickets.  (*See* Vazan Decl. ¶¶ 3-4; *see also Seller Details*,

15  Exh. 2 to Vazan Decl.).  ITN, LLC is a registered seller of travel in the state of California and is

16  therefore subject to regulations under California Business and Professions Code § 17550.  *Id.*

17  Accordingly, pursuant to Cal. Bus. & Prof. §17550.14, as a seller of travel, ITN, LLC has an

18  obligation to either provide travel services purchased by the passenger or make a refund.  CAL.

19  BUS. & PROF. §17550.14 (West 2021).  This regulation comports with DOT guidelines advising

20  passengers that have purchased tickets from online ticket agencies to contact such agencies as

21  they are required to provide proper refunds.  (*See* FAQs; Exh. 6 to Lau Decl., No. 3; Exh. 6 to

22  RJN, No. 3).  Given this, in accordance with both state and federal regulatory bodies, ASAP and

23  ITN, LLC were the appropriate entities from which Plaintiff was expected to request a refund.

24  Again, Plaintiff decided not to purchase tickets directly from ANA and willingly entered into a

25  bargain with ASAP when she purchased a reduced fare ticket subject to ASAP's Rules and

26  Conditions.  The ITN LLC processing fee charged by ASAP does not apply to tickets that are

27  sold directly by ANA to passengers.

28

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

When Plaintiff requested a refund for her canceled flights from ASAP, she was admittedly offered a refund pursuant to its Rules and Conditions but she expressly rejected the refund.  (Bugarin Decl., Exh. B to SAC, ECF No. 32, ¶ 4).  It would be inequitable to allow Plaintiff to recover a refund under ANA's policies because she is unhappy with the contract she made with ASAP.  Furthermore, the DOT guidelines are not intended to rewrite contractual provisions merely because passengers are unsatisfied with their bargains.  Rather, the Aviation Enforcement Office is focused on enforcing actions where a carrier or ticket agent disregarded the requirement to offer refunds, failed to honor its refund policies or where their refund policies or practices are otherwise "unfair or deceptive."  (*See* FAQs; Exh. 6 to Lau Decl., No. 1, 3; Exh. 6 to RJN, Nos. 1, 3).  Neither ASAP nor ANA altered their refund policies or refused to honor them in this case.  ASAP offered to refund Plaintiff pursuant to its Rules and Conditions regarding the processing fee but Plaintiff refused the refunding.  ANA has provided refunds to all passengers that have properly requested one pursuant to its Conditions of Carriage.  Accordingly, Plaintiff's claim against ANA for breach of contract fails and her complaint should be dismissed in its entirety with prejudice.

### III.   ANA's Evidentiary Objections to Plaintiff's Exhibit B to the SAC.

ANA hereby objects to the following evidence presented in Plaintiff's declaration in support of the SAC:

### Objection No. 1:

**Objection:**  "I am entitled to a refund without having to pay a $200 fee per ticket."  *See* Bugarin Decl., ¶ 4, l. 19

**Basis for Objection**: Conclusion of Law.  Pursuant to Federal Rule of Evidence 701, lay witness testimony is limited to the witness' opinion based on his or her perception and must be helpful to clearly understand witness' testimony or determine a fact in issue.  FED. R. EVID. 701 (West 2021).  Here, Plaintiff does neither and improperly opines regarding a conclusion of law, *i.e.*, that she is entitled to a refund without paying the $200 fee in ASAP's Rules and Conditions.  "Neither a lay person nor an attorney may presume to instruct the court in the law." *A&M*

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

1  *Records, Inc. v. Napster, Inc.*, No. C9905183MHP, 2000 WL 1170106 at *11 (N.D. Cal. Aug.

2  10, 2000).

3  **Objection No. 2:**

4  **Objection:** "All Nippon hung up on me each time."  *See* Bugarin Decl., ¶ 6, l. 2.

5  **Basis for Objection**: Lacks Foundation. FED. R. EVID. 602 (West 2021).  Plaintiff has failed to

6  demonstrate that there is a factual basis underlying her assertion that ANA hung up on her and

7  has only pled that her calls to ANA "dropped" after being on hold for some time.

8  **Objection No. 3:**

9  **Objection:** "All Nippon made it impossible for me to reach a live person and made it

10  impossible in a refund*." See* Bugarin Decl., ¶ 7, ll. 3-4.

11  **Basis for Objection**: Conclusion of Law.  Pursuant to Federal Rule of Evidence 701, lay witness

12  testimony is limited to the witness' opinion based on his or her perception and must be helpful to

13  clearly understand witness' testimony or determine a fact in issue.  FED. R. EVID. 701 (West

14  2021).  Here, Plaintiff does neither and opines regarding a conclusion of law, *i.e.*, that ANA

15  frustrated the condition precedent by making it impossible to request a refund.  "Neither a lay

16  person nor an attorney may presume to instruct the court in the law." *A&M Records, Inc. v.

17  Napster, Inc.*, No. C9905183MHP, 2000 WL 1170106 at *11 (N.D. Cal. Aug. 10, 2000).

18  **Objection No. 4:**

19  **Objection:** "All Nippon did not provide alternative means by which I could obtain a refund*"

20  See* Bugarin Decl., ¶ 8, l. 5.

21  **Basis for Objection**:  Lacks Foundation and Personal Knowledge. FED. R. EVID. 602 (West

22  2021).  Plaintiff has failed to set forth facts demonstrating that there was no alternative means by

23  which she could have obtained a refund and does not provide any evidence that would support a

24  finding that she has personal knowledge regarding all possible means of obtaining a refund from

25  ANA.

26  **Objection No. 5:**

27  **Objection:** "I am the one who paid for the tickets and therefore am entitled to a full refund

28

1    pursuant to All Nippon's Conditions of Carriage*."  See* Bugarin Decl., ¶ 9, ll. 6-7.

2    **Basis for Objection**: Conclusion of Law.  Pursuant to Federal Rule of Evidence 701, lay witness

3    testimony is limited to the witness' opinion based on his or her perception and must be helpful to

4    clearly understand witness' testimony or determine a fact in issue.  FED. R. EVID. 701 (West

5    2021).  Here, Plaintiff does neither and improperly opines regarding a conclusion of law, *i.e.*,

6    that she is entitled to a full refund pursuant to ANA's COC.  "Neither a lay person nor an

7    attorney may presume to instruct the court in the law." *A&M Records, Inc. v. Napster, Inc.*, No.

8    C9905183MHP, 2000 WL 1170106 at *11 (N.D. Cal. Aug. 10, 2000).

9                                              **CONCLUSION**

10           For the foregoing reasons, Defendant All Nippon Airways respectfully requests that the

11   Court compel Plaintiff to submit her claim to arbitration and/or dismiss Plaintiff's Second

12   Amended Complaint in its entirety.  At the hearing on its motion to dismiss, ANA also

13   respectfully requests that the court sustain the above objections and strike these portions of the

14   declaration of Plaintiff Ashley Bugarin.

15

16   Dated: March 5, 2021                         CONDON & FORSYTH LLP

17

18                                               By:/s/ Scott D. Cunningham

19                                                   SCOTT D. CUNNINGHAM
                                                     JENNIFER J. JOHNSTON
20                                                   IVY L. NOWINSKI
                                                     GRACE M. LAU
21                                                   Attorneys for Defendant
                                                     ALL NIPPON AIRWAYS CO., LTD.

22

23

24

25

26

27

28

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030